1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| RICHARD GARCIA, | Case No. 1:14-cv-00980-LJO-SMS  HC |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| W.L. MONTGOMERY, Warden, | |
| Respondent. | Doc. 3 |

16

17

18

19

Petitioner Richard Garcia is a state prisoner proceeding *pro* se with a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  He filed his petition with this Court on June 23, 2014.

20

## PROCEDURAL BACKGROUND

21

On June 9, 2011, following trial in the Tulare County (California) Superior Court, a jury

22

convicted Petitioner on two counts: (1) conspiracy to commit murder with gang and firearm

23

enhancements (California Penal Code §§ 182(a)(1), 186.22(b)(4), 186.22(b)(5), 186.22(b)(1)(C),

24

12022.53(d), and 12022.53(e)(1)), and (2) murder with gang and firearm enhancements, and street

25

26

gang enhancement of special circumstances (California Penal Code §§ 187(a), 186.22(b)(4),

186.22(b)(5), 186.22(b)(1)(C), 12022.53(d), 12022.53(e)(1), and 190.2(a)(22)).

27

28

1

Petitioner appealed the convictions to the State Court of Appeals, Fifth Appellate District, which reversed count one and remanded it to the trial court for retrial, but affirmed in all other regards. Petitioner appealed to the California Supreme Court the grounds that the appellate court affirmed. On October 16, 2013, the California Supreme Court denied Petitioner's first appeal.

Meanwhile, after the prosecution declined to retry Petitioner on count one, the court sentenced Petitioner to forty years to life in prison. On April 28, 2014, Petitioner appealed his sentence to State Court of Appeals, Fifth Appellate District.

The time to seek direct review of the first appeal ended ninety days after the California Supreme Court's decision, or January 16, 2014. This means that the limitations period for filing a habeas petition for claims relating to the first appeal is January 16, 2015. Because Petitioner's second appeal, alleging sentencing errors, is currently pending before the court of appeals, its resolution by the California Supreme Court before January 16, 2015, is highly unlikely. Accordingly, Petitioner requests an order of stay and abeyance to permit exhaustion of his sentencing claims.

### DISCUSSION

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to

have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. Since the Court concludes that Petitioner has demonstrated good cause in this case, it will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

Since the delays in prosecuting the unexhausted claims in this case arise necessarily from the underlying procedure, they are neither intentional nor abusive. Nor are Petitioner's claim's plainly meritless. Accordingly, the Court finds good cause for the unexhausted claims and will grant stay and abeyance under *Rhines*.

CONCLUSION AND ORDER

The Court hereby ORDERS:

1.      The Court GRANTS Petitioner's motion for stay and abeyance to permit exhaustion of sentencing claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995).

2.      Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3.      Petitioner shall file an additional status report every ninety (90) days thereafter.

4.      Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims.  The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5.      If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated:   **August 27, 2014**                    **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE